UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALINO TADEU FERREIRA, <br><br> Petitioner, <br><br> v. <br><br> TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, PATRICIA HYDE, Field Office Director, PAMELA J. BONDI, Attorney General of the United States, and KRISTI NOEM, U.S. Secretary of Homeland Security, DONALD J. TRUMP, President of the United States, <br><br> Respondents. | Civil Action No. 25-13809-MJJ |

**MEMORANDUM OF DECISION AND ORDER**

January 26, 2026

JOUN, D.J.

Natalino Tadeu Ferreira ("Mr. Ferreira" or "Petitioner") petitions the Court under 28 U.S.C. § 2241 and the Due Process Clause of the Fifth Amendment to enjoin Respondents from detaining and deporting him without a hearing before an immigration judge ("IJ"). For the reasons stated below, Mr. Ferreira's petition is GRANTED.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Mr. Ferreira was born on December 23, 1965, and is a citizen of Brazil. [Doc. No 1 at ¶ 1]. He currently resides in Massachusetts with his wife and two children. [*Id.*]. On March 9, 2005, after entering the United States, Mr. Ferreira was issued an expedited removal order pursuant to 8 U.S.C. § 1225(b)(1) and removed from the United States. [Doc. No. 11-1 at 1; Doc.

1

No. 11-2 at 4]. On May 28, 2005, Mr. Ferreira arrived in the United States without detection by immigration authorities. [Doc. No. 1 at ¶ 2].

On August 13, 2015, Mr. Ferreira filed an asylum application with the United States Citizenship and Immigration Services ("USCIS"). [Doc. No. 1 at ¶ 3]. On January 26, 2022, he also filed a Form I-130 Petition for Alien Relative with USCIS based on his marriage to his Lawful Permanent Resident wife. [*Id.*].

On or about June 3 or 4, 2025, at his appointment with the USCIS Boston Asylum Office, Immigration and Customs Enforcement ("ICE") arrested Mr. Ferreira pursuant to a warrant of removal/deportation. [*Id.* at ¶ 4; Doc. No. 11-2 at 1]. That same day, DHS issued a Notice of Intent/Decision to Reinstate Prior Order. [Doc. No. 11-2 at 4–5]. On June 26, 2025, Mr. Ferreira had a bond hearing before an IJ. [Doc. No. 1 at ¶ 5]. On June 26, 2025, after the Department Homeland Security failed to produce a copy Mr. Ferreira's final order of removal, the IJ granted Mr. Ferreira's request for bond. [*Id.*]. During the hearing, DHS, filed a Notice of Intent/Decision to Reinstate Prior Order against Mr. Ferreira. [*Id.*]. On June 27, 2025, Mr. Ferreira posted bond and was released from the custody of DHS. [*Id.* at ¶ 6].

On July 8, 2025, DHS appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). [*Id.* at ¶ 7]. On November 28, 2025, the BIA sustained DHS's appeal and vacated the IJ's decision. [*Id.* at ¶ 8]. Specifically, the BIA ruled that "On September 5, 2025, this Board issued Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), holding that under the plain language of INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A), Immigration Judges lack authority to hear bond requests or grant bond to aliens who are present in the United States without admission or parole." [*Id.*]. Respondents have threatened to detain Petitioner pursuant to

2

*Matter of Yajure Hurtado's* expansion of mandatory detention under 8 U.S.C. § 1225(b)(2). [*Id.* at ¶ 11].

## II.  ANALYSIS

### A.  Custody

Mr. Ferreira argues that he remains in custody in violation of the Due Process Clause of the Fifth Amendment because he is subject to a final order of removal and because Respondents have issued a Notice of Intent/Decision to Reinstate Prior Order. Respondents contend that Mr. Ferreira has not satisfied the custody requirement for habeas relief because Mr. Ferreira is not in ICE detention and is not subject to any form of supervision or restraints by ICE.

"Relief by way of a writ of habeas corpus extends to a person in custody if the petitioner can show that she is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Lopez Lopez v. Charles*, No. 12-cv-101445, 2020 WL 419598, at *3 (D. Mass. Jan. 26, 2020) (quoting 28 U.S.C. § 2241(c)(3)). "Restraints short of incarceration may satisfy the 'in custody' requirement for habeas relief, but the restraint must significantly compromise the individual's 'liberty to do those things which in this country free men are entitled to do.'" *Id*. (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)). "Indeed, case law confirms that habeas review even extends beyond mere physical incarceration, requiring instead that petitioners be subject to restraints not shared by the public generally." *Ercelik v. Hyde*, 25-cv-11007, 2025 WL 1361543, at *3 (D. Mass. May 8, 2025) (cleaned up).

I agree with Mr. Ferreira and various circuits that the final order of removal and Notice of Intent/Decision to Reinstate Prior Order is enough to fulfill the in-custody requirement of 28 U.S.C. § 2241(c)(3). *See Simmonds v. I.N.S.*, 326 F.3d 351, 354–55 (2d Cir. 2003) (citing *Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1291 (10th Cir.2001); *Mustata v. United States Dep't of*

*Justice,* 179 F.3d 1017, 1021 n. 4 (6th Cir.1999); *Nakaranurack v. United States,* 68 F.3d 290, 293 (9th Cir.1995)) ("In cases in which the aliens ordered removed were not incarcerated, various courts of appeals have agreed that subjecting an alien to a final order of removal is to place that alien in custody within the meaning of the habeas statute.").

### B. Due Process

Respondents argue that even if Mr. Ferreira is detained in the future, such detention would be authorized by 8 U.S.C. § 1231 ("Section 1231") due to Mr. Ferreira's reinstated removal order. Respondents' argument misses the mark. This case is not about Respondents' authority to detain under Section 1231. In fact, Mr. Ferreira acknowledges that his situation is like the petitioner in *Tenemasa-Lema v. Hyde*, No. 25-cv-13029, 2025 WL 3280555 (D. Mass. Nov. 25, 2025), who was subject to statutory mandatory detention. Rather, Mr. Ferreira's claim is constitutional in nature. Specifically, Mr. Ferreira contends that Respondents' threat to detain and deport him without a hearing before an Immigration Judge imposes restraints on his "'[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—[which] lies at the heart of the liberty that [the Due Process] Clause protects.'" *Hernandez-Lara v. Lyons*, 10 F.4th 19, 28 (1st Cir. 2021) (cleaned up).

Given the nature of Mr. Ferreira's claim, I agree with and adopt Judge Murphy's reasoning in *Tenemasa-Lema*, 2025 WL 3280555 at *5–8, and find the following: first, consideration of the *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) factors is appropriate and, second, the *Matthews* factors "clearly demonstrate[] that Petitioner has not received sufficient process to justify his ongoing deprivation of liberty." Mr. Ferreira's private interest in freedom from imprisonment is strong; he has resided in the country for over 20 years and has a wife and two children in the United States. Additionally, the risk of erroneous deprivation is high where

4

Respondents seek to detain and deport him without a hearing before an Immigration Judge. Finally, although an administrative burden to the government, the cost of a bond hearing is "relatively minimal." *Rincon v. Hyde*, 25-cv-12633, 2025 WL 3122784 at *9 (D. Mass. Nov. 7, 2025).

### III.  CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas is <u>GRANTED</u>. Respondents are enjoined from deporting Mr. Ferreira without first providing him with a bond hearing before an immigration judge.

SO ORDERED.

/s/ Myong J. Joun<br>
United States District Judge